UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET MACDONALD, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK N.A,<br><br>    Defendant. | Case No. 14-cv-04970-HSG<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

    Brett and Amalia MacDonald (the "Plaintiffs") assert three causes of action against Wells Fargo Bank, N.A. in this action: (1) violation of the Equal Credit Opportunity Act; (2) violation of California Civil Code § 2923.7; and (3) negligence. Wells Fargo seeks to dismiss each cause of action for failure to state a claim upon which relief may be granted. *See* Dkt. No. 8. The Court has carefully considered the arguments and evidence submitted by the parties and, for the reasons discussed below, Wells Fargo's motion is **DENIED**.

**I.    FACTUAL BACKGROUND**

    According to the Complaint, Plaintiffs refinanced their mortgage with a loan from Wells Fargo in 2005 and applied for a loan modification in 2013. Compl. ¶¶ 9-10. Plaintiffs do not contest that they had defaulted on their loan obligations by the time they submitted their loan modification application.

    In early 2013, Plaintiffs were notified that Lydel Lockman would act as their single point of contact ("SPOC") related to their loan modification application. *Id*. ¶ 11. From January until June 2013, Mr. Lockman asked Plaintiffs to supplement their application with additional documents, which Plaintiffs timely submitted. *Id.* However, in June of 2013, Plaintiffs received a letter from Wells Fargo stating that it had closed their loan modification application because Plaintiffs filed for bankruptcy in January of 2013. *Id*. ¶ 12. On the same day, Wells Fargo sent

another letter informing Plaintiffs that their new SPOC would be Stacy Forbes, who was identified as a Home Preservation Specialist. *Id*.

But Plaintiffs had not filed for bankruptcy in 2013, and the case number provided by Wells Fargo was associated with a completely different person. *Id*. ¶ 13. Plaintiffs contacted Ms. Forbes to advise her that there had been a mistake and were told that they would have to submit an entirely new application. *Id*. Plaintiffs submitted a new application in July of 2013, and provided additional documentation in response to Ms. Forbes' requests from July to October 2013. *Id*. ¶ 14.

In late October of 2013, Plaintiffs received a letter from Wells Fargo stating that their loan modification application was complete and that they would receive a determination within 30 days. *Id*. ¶ 15. Plaintiffs have not yet received a determination on their application. *Id*. ¶ 18. Plaintiffs attempted to contact Ms. Forbes on December 19, 2013, and on January 8, 10, 14, and 20, 2014, without success. *Id*. ¶ 16. Plaintiffs then called Wells Fargo's general number, and were informed that Ms. Forbes was no longer assigned to their account, that they had been provided a new SPOC, and that they should contact Ms. Forbes for the name of their new SPOC. *Id*. ¶ 17. Plaintiffs have received no correspondence from Wells Fargo since October of 2013 and still have not received a determination on their loan modification application. *Id*. ¶ 18.

**II.     LEGAL STANDARD**

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain sufficient facts to state a plausible claim on its face. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level."

2

*Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007). If the court dismisses the complaint, it should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 122, 1127 (9th Cir. 2000) (citation omitted).

## III. DISCUSSION

### A. Equal Credit Opportunity Act

Plaintiffs allege that Wells Fargo violated the Equal Credit Opportunity Act by failing to either approve or deny their loan modification within 30 days. *See* 11 U.S.C. § 1691(d)(1) ("Within thirty days . . . after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application."). Wells Fargo asserts that the Court must dismiss this cause of action because Section 1691(d)(6) excludes a creditor's "refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default" from the definition of "adverse action." *Id.* at § 1691(d)(6). The Court disagrees.

Section 1691 provides two rights to applicants. First, it requires a creditor to notify the applicant of its "action" on the application within 30 days of receipt of a completed application. *See* 11 U.S.C. § 1691(d)(1). Second, where the creditor takes an "adverse action" with respect to an application, it is required to provide a statement of reasons for the denial. *Id.* at § 1691(d)(2). Section 1691(d) reads as follows:

> (d) Reason for adverse action; procedure applicable; "adverse action" defined
>
> (1) Within thirty days (or such longer reasonable time as specified in regulations of the Bureau for any class of credit transaction) after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application.
>
> (2) Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by--
>
>> (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or

3

>  (B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request.
>
> (3) A statement of reasons meets the requirements of this section only if it contains the specific reasons for the adverse action taken.
>
> (4) Where a creditor has been requested by a third party to make a specific extension of credit directly or indirectly to an applicant, the notification and statement of reasons required by this subsection may be made directly by such creditor, or indirectly through the third party, provided in either case that the identity of the creditor is disclosed.
>
> (5) The requirements of paragraph (2), (3), or (4) may be satisfied by verbal statements or notifications in the case of any creditor who did not act on more than one hundred and fifty applications during the calendar year preceding the calendar year in which the adverse action is taken, as determined under regulations of the Bureau.
>
> (6) For purposes of this subsection, the term "adverse action" means a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested. Such term does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default, or where such additional credit would exceed a previously established credit limit.

11 U.S.C. § 1691. Wells Fargo concedes that Section 1691(d)(1) does not contain the words "adverse action." Therefore, on its face, Section 1691(d)(6)'s exclusion for applicants that are "delinquent or otherwise in default" would appear to impact only the entitlement to a statement of reasons upon denial, not a determination on an application within thirty days.

Courts interpreting Section 1691 rarely address the interplay between the thirty-day "action" requirement and the applicant's entitlement to a statement of reasons upon an "adverse action." Fewer still discuss whether the exceptions to the definition of "adverse action" in Section 1691(d)(6) apply to the word "action" as used in Section 1691(d)(1). The decisions cited by Wells Fargo in support of its position are largely inapposite, as all except one stand for the unremarkable

4

United States District Court
Northern District of California

1 proposition that a defaulting applicant is not entitled to a statement of reasons when its application
2 is denied. *See, e.g., Pandit v. Saxon Mortg. Services, Inc*., 2012 WL 4174888 (E.D.N.Y. Sept. 17,
3 2012) (holding that *statement of reasons* not required by ECOA where applicant in default); *Casey*
4 *v. Litton Loan Servicing LP*, 2012 WL 502886, at *6 (D. Md. Feb. 14, 2012) (same); *but see*
5 *Guthrie v. Bank of America, Nat. Ass'n*, 2012 WL 6552763 (D. Minn. Dec. 14, 2012) (holding that
6 none of the Equal Credit Opportunity Act's notice requirements apply to applicants in default).
7 That is not the proposition at issue in this case. At least two courts have found that applicants are
8 entitled to a determination on their application with thirty days whether or not they defaulted on
9 their existing loan obligations. *See Banks v. JPMorgan Chase Bank, N.A.*, 2014 WL 6476139, at
10 *13 (C.D. Cal. Nov. 19, 2014) ("However, § 1691(d)(1) is not limited to adverse actions, and
11 applies generally to 'completed application[s] for credit.'"); *Vasquez v. Bank of America, N.A.*,
12 2014 WL 1614764, at *2-3 (N.D. Cal. Apr. 22, 2014).

13 The Court finds the latter cases more persuasive. Under Section 1691, an "adverse action"
14 triggers a creditor's obligation to provide a statement of reasons, not its obligation to provide a
15 determination within thirty days, which is triggered by the completion of the application for credit.
16 *Compare* 11 U.S.C. § 1691(d)(1) *with* § 1691(d)(2). The phrase "adverse action" does not appear
17 in Section 1691(d)(1). Accordingly, a plain reading of the statute confirms that creditors are
18 required to make a determination on a completed application within thirty days regardless of the
19 status of the applicant, but need not send applicants in default a statement of reasons when their
20 application is rejected. *See id*. at § 1691(d)(6). Neither a plain reading of the statute nor public
21 policy supports a rule requiring a creditor to promptly resolve applications of non-defaulting
22 applicants while permitting creditors to leave those applicants in default twisting in the wind
23 indefinitely.

24 Plaintiffs allege that Wells Fargo failed to give them notice of its action within 30 days
25 after receipt of their completed application for credit. *See* Compl. ¶ 22. This allegation is
26 sufficient to state a claim under § 1691(d)(1), even though Plaintiffs were in at the time. Wells
27 Fargo's Motion to Dismiss Plaintiff's First Cause of Action for violation of Equal Credit
28 Opportunity Act is therefore **DENIED**.

B.  **California Civil Code Section 2923.7**

Plaintiffs allege that Wells Fargo violated Section 2923.7 of the California Civil Code by not keeping them adequately apprised of the status of their loan modification application. Under California Civil Code Section 2923.7, Wells Fargo was required to provide Plaintiffs with a SPOC with the following responsibilities:

> (1) Communicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options.
>
> (2) Coordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application.
>
> (3) Having access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.
>
> (4) Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any.
>
> (5) Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

Cal. Civ. Code § 2923.7. Plaintiffs allege that Wells Fargo violated this statute because:

> [F]rom October 2013 to the present, the supposed point of contact, Stacy Forbes, has not contacted Plaintiffs, or made attempts to do so, in order to adequately inform Plaintiffs of the current status of their account and loan modification application. Despite Plaintiffs' own repeated efforts to contact their single point of contact, Ms. Forbes, their attempts failed to yield anyone with whom they were ever able to speak. . . . . Specifically, Ms. Forbes did not (1) communicate with Plaintiffs the current status of his loan modification application; and (2) did not ensure that Plaintiffs were considered for all foreclosure prevention alternatives, because Ms. Forbes refused to even speak with Plaintiffs.

Compl. ¶ 29.

Wells Fargo moves to dismiss Plaintiffs' claim on two grounds: (1) that changing Plaintiffs' designated SPOC during the loan medication process is not prohibited by the statute; and (2) that the Plaintiffs' purportedly "narrowly pled" allegation that Ms. Forbes refused to "speak" with them does not foreclose the possibility that Ms. Forbes communicated with Plaintiffs in other ways (and thus satisfied Wells Fargo's statutory obligations). *See* Mot. at 4-6. Neither argument has merit, as each relies on a misreading of the Complaint.

6

First, Plaintiffs never allege that Wells Fargo is liable under Section 2923.7 for transferring SPOC responsibility from Mr. Lockman to Ms. Forbes in June of 2013.  *See* Compl. ¶¶ 25-31.  Second, the Complaint is not as "narrowly pled" as Wells Fargo alleges.  Plaintiffs do not solely allege that Ms. Forbes refused to "speak" with them.  Plaintiffs also allege that Ms. Forbes "has not contacted Plaintiffs, or made attempts to do so," that she "did not . . . communicate with Plaintiffs the current status of [their] loan modification application," and that they "have not received any correspondence from any representative of Defendant since October 2013."  Compl. ¶¶ 18, 29.  These allegations are sufficient to plead a cause of action under Section 2923.7.

Accordingly, Wells Fargo's Motion to Dismiss Plaintiff's Second Cause of Action for violation of California Civil Code Section 2923.7 is **DENIED**.

### C. Negligence

Wells Fargo moves to dismiss Plaintiffs' negligence claim on the ground that financial institutions do not owe borrowers a duty of care in connection with making or servicing loans.  *See* Mot. at 6-7.  Wells Fargo concedes that there are conflicting California appellate decisions on this question.  *Compare Lueras v. BAC Home Loans Servicing, L.P.*, 221 Cal. App. 4th 49 (2013) *with Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941 (2014).  Wells Fargo urges the Court to follow *Lueras*, which it claims comports with "[a] growing body of case law recogniz[ing] that engaging in the loan modification process also does not give rise to a common law duty of care."  *See* Mot. at 6.

When faced with conflicting intermediate appellate court authority, a federal court applying California law must predict how the California Supreme Court would rule.  *See, e.g.*, *McQuirk v. Donnelley*, 189 F.3d 793, 797 (9th Cir. 1999).  Here, Wells Fargo has cited approximately a dozen federal district court cases that follow *Lueras* and dismiss negligence claims for want of a duty of care.  *See, e.g., Williams v. Wells Fargo Bank, N.A.*, 2014 WL 1568857, at *7 (C.D. Cal. Jan. 27, 2014) ("The Court concludes in accordance with the line of cases holding that loan modification—a renegotiation of the loan's terms—is so related to 'the key functions of a money lender' as to not give rise to an enforceable duty of care to the borrower.") (citation omitted).  However, every case cited by Wells Fargo was decided *before* the Court of

7

Appeals decision in *Alvarez*. It is no surprise that each of those cases followed *Lueras*—the only published California Court of Appeals decision on the subject at the time—and found that financial institutions did not owe borrowers a duty of care when considering loan modification applications. Wells Fargo does not direct the Court to a single decision in which a court weighed both the *Lueras* and *Alvarez* decisions and decided to follow *Lueras*.

*Alvarez* marked a sea change in jurisprudence on this issue. Federal district courts applying California law after *Alvarez* overwhelmingly hold that the California Supreme Court would recognize a duty of care during the loan modification review process. *See Johnson v. PNC Mortgage*, 2015 WL 662261, at * 4 (N.D. Cal. Feb. 12, 2015) ("Once PNC offered the Johnsons an opportunity to modify their loan, it owed them a duty to handle their application with ordinary care."); *Hild v. Bank of America*, N.A., 2015 WL 401316, at * 6 (C.D. Cal. Jan. 29, 2015); *Medrano v. Caliber Homes Loans, Inc*., 2014 WL 72369256, at *11 (C.D. Cal. Dec. 19, 2014) ("Recently, however, the tide has turned. The California courts of appeal now recognize that lenders cannot offer modifications, generally, and then claim they have no duty to avoid processing the applications for those modifications in a slipshod manner."); *Gilmore v. Wells Fargo Bank N.A.*, 2014 WL 7183796, at *9 (N.D. Cal. Dec. 16, 2014); *Cortez v. CitiMortgage, Inc*., 2014 WL 7150050, at *8 (C.D. Cal. Dec. 11, 2015) (same); *Banks v. JPMorgan Chase Bank*, N.A., 2014 WL 6476139, at *12 (C.D. Cal. Nov. 19, 2014); *Shapiro v. Sage Point Lender Services*, 2014 WL 5419721, at *9-10 (C.D. Cal. Oct. 24, 2014); *Segura v. Wells Fargo Bank, N.A.,* 2014 WL 4798890, at *14 (C.D. Cal. Sept. 26, 2014); *Penermon v. Wells Fargo Home Mortgage,* 2014 WL 4273268 (N.D. Cal. Aug. 28, 2014) (plaintiff was not entitled to modification, but "once [defendant] provided Plaintiff with the loan modification application and asked her to submit supporting documentation, it owed her a duty to process the completed application once it was submitted").

The Court agrees with the reasoning of these cases and finds *Alvarez* more likely to be adopted by the California Supreme Court. Having agreed to consider Plaintiffs for a loan

modification, Wells Fargo was required to process that application with ordinary care.[1] Wells Fargo's Motion to Dismiss Plaintiff's Third Cause of Action for negligence is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Wells Fargo's Motion to Dismiss is **DENIED**. The Court further finds that Plaintiffs' Complaint is sufficiently clear to permit Wells Fargo to prepare a response, and thus Wells Fargo's alternative motion for a more definite statement is also **DENIED**.

**IT IS SO ORDERED.**

Dated: April 24, 2015

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] Wells Fargo's Motion to Dismiss concludes with the three-sentence assertion that Plaintiffs have not sufficiently pled other elements of a negligence cause of action, such as breach, causation, and damages. *See* Mot. at 10. Wells Fargo does not provide adequate argument to permit the Court to evaluate its claims. In any event, Plaintiffs have alleged facts similar to those alleged by the plaintiff in *Alvarez*, which the California Court of Appeal found sufficient to state a claim for negligence. *See Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 951 (2014) ("Plaintiffs have also alleged that the improper handling of their applications deprived them of the opportunity to obtain loan modifications, which they allege they were qualified to receive and would have received had their applications be properly reviewed, and alternatively, that the delay in processing deprived them of the opportunity to seek relief elsewhere.").