UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRET MACDONALD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK N.A,<br><br>Defendant. | Case No. 14-cv-04970-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 63 |

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s motion for summary judgment. Dkt. No. 63 ("Mot."). Having read the parties' papers and carefully considered their arguments and the relevant legal authorities, the Court hereby **GRANTS IN PART AND DENIES IN PART** the motion.[1]

Summary judgment is proper when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if there is evidence in the record sufficient for a reasonable trier of fact to decide in favor of the nonmoving party. *Id.* But in deciding if a dispute is genuine, the court must view the inferences reasonably drawn from the materials in the record in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), and "may not weigh the evidence or make credibility determinations," *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997), *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

Plaintiffs' first cause of action asserts that Defendant violated the Equal Credit

---

[1] The Court finds that this matter is appropriate for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b).

Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d)(1) (2012) by failing to timely notify Plaintiffs of its determination on their October 2013 loan modification application. Dkt. No. 1 ("Compl.") ¶¶ 20-24. Defendant argues that "this claim fails as a matter of law because ECOA's implementing regulations do not apply the notice requirement to situations in which a borrower is already in default." Mot. at 10. The Court finds that there is no genuine dispute of material fact that Plaintiffs were in default during the relevant time period, based upon both Plaintiffs' June 10, 2013 hardship letter, *see* Dkt. No. 63-2 (Stonehocker Decl.), Ex. 25 ("[W]e are asking for hardship assistance with a mortgage loan modification for our home mortgage. . . . [W]e have fallen behind in making our mortgage payments."), and Plaintiff's own admission, *see* Dkt. No. 67 ("Opp.") (referring to Plaintiffs' own "default or delinquency").

Moreover, the Court finds that Defendant is entitled to judgment as a matter of law because "the fact that [Plaintiffs were] in default when [they] applied for a loan modification means that no ECOA notice was required regarding action on [their] application." *Smith v. Wells Fargo Bank, N.A.*, No. 15-CV-01779-YGR, 2016 WL 283521, at *8 (N.D. Cal. Jan. 25, 2016); *see also Coury v. Caliber Home Loans, Inc.*, No. 16-CV-05583-RS, 2016 WL 6962882, at *5 (N.D. Cal. Nov. 29, 2016) ("Because [the plaintiff borrower] requested that [the defendant mortgage loan servicer] modify his loan in response to his default, ECOA's notice requirements did not apply."); *Perryman v. JPMorgan Chase Bank, N.A.*, No. 116CV00643LJOSKO, 2016 WL 4441210, at *8 (E.D. Cal. Aug. 23, 2016) ("[W]here an applicant is already in default, no notice is required as to a modification request pertaining to that loan.") (citing cases), *order clarified on other grounds*, No. 116CV00643LJOSKO, 2016 WL 6124209 (E.D. Cal. Oct. 19, 2016).

The Court previously reached a contrary conclusion regarding section 1691(d)(1)'s notice requirement in denying Defendant's motion to dismiss. *See* Dkt. No. 35 (*MacDonald v. Wells Fargo Bank N.A*, No. 14-CV-04970-HSG, 2015 WL 1886000, at *2-3 (N.D. Cal. Apr. 24, 2015)). But as Defendant admits (without explaining why), its prior motion failed to address the significance of the regulations implementing section 1691(d)(1)'s notice requirements, and the Court thus did not consider those regulations. *See* Mot. at 12-13; *see also Smith*, 2016 WL 283521 at *5 ("In offering competing interpretations of an arguably ambiguous statutory

1 provision, the parties in *MacDonald* did not argue, and the court there did not consider, the effect
2 of the regulations implementing section 1691's notice requirements.")  The regulations
3 conclusively resolve the statutory ambiguity identified by the Court in its prior order.  *See*
4 *MacDonald*, 2015 WL 1886000, at *3 (addressing ambiguity of whether section 1691(d)(6)'s
5 exclusion for applicants in default impacted only the statement of reasons requirement under
6 subsection (d)(2) or also the 30-day notice requirement under subsection (d)(1)); 12 C.F.R. §§
7 202.2(c)(2)(ii), 202.9(a)(1)(i) (clarifying together that the notice requirement does not apply when
8 the loan applicant is in default).  Since the statute is ambiguous and the implementing regulations
9 resolving this ambiguity are reasonable, the Court defers to the agency interpretation.  *See Vega v.*
10 *Holder*, 611 F.3d 1168, 1170 (9th Cir. 2010).

11 Plaintiffs' second cause of action asserts that Defendant violated section 2923.7 of the
12 California Civil Code by failing to provide a single point of contact ("SPOC") who adequately
13 performed the duties required by the statute.[2]  Compl. ¶¶ 25-31.  The Court finds that there are
14 genuine disputes of material fact relating to this claim.  For example, the opposition and reply
15 clash over whether Defendant's representatives gave Plaintiffs conflicting information regarding
16 what was needed to complete their loan modification application during July and August of 2013.
17 *Compare* Opp. at 11-12 *with* Reply at 8.  Resolving this dispute would require the Court to make

---

[2] Section 2923.7(a) provides that "[u]pon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a). Under section 2923(b), the SPOC has the following responsibilities:
> (1) Communicating the process by which a borrower may apply for an available foreclosure prevention alternative and the deadline for any required submissions to be considered for these options.
> (2) Coordinating receipt of all documents associated with available foreclosure prevention alternatives and notifying the borrower of any missing documents necessary to complete the application.
> (3) Having access to current information and personnel sufficient to timely, accurately, and adequately inform the borrower of the current status of the foreclosure prevention alternative.
> (4) Ensuring that a borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer, if any.
> (5) Having access to individuals with the ability and authority to stop foreclosure proceedings when necessary.

3

1  determinations regarding the credibility of Plaintiff Brett MacDonald's declaration and the
2  reliability and proper interpretation of Defendant's business records, which are tasks for the fact
3  finder at trial. Moreover, the Court is unable to find at this juncture that, under the safe harbor
4  provision of section 2924.12(c),[3] any material violation of section 2923.7 that Defendant
5  committed in 2013 would regardless have been remedied by "Defendant's full review and denial
6  of Plaintiff's loan modification application in 2015," *see* Mot. at 18, given that the Court finds that
7  there is a reasonable dispute of fact regarding whether the 2015 review was completed in good
8  faith, *compare* Opp. at 12-13 *with* Reply at 11.

Finally, Plaintiffs' third cause of action asserts that Defendant negligently handled their loan modification application and loan account through 2013. Compl. ¶¶ 32-37. Defendant moves for summary judgment on the grounds that it did not breach any legal duty and that its action did not proximately cause any damages suffered by Plaintiffs. Mot. at 19; *see also Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941, 944 (2014) (stating that the elements of a negligence claim are duty of care, breach, and proximate cause). As to breach, the Court finds that there is a dispute of material fact regarding whether Defendant's delay in reviewing Plaintiffs' loan modification during 2013 was caused by Plaintiffs' hiring of the Ayayo Law Firm to postpone the sale of their property or by Defendant's allegedly negligent actions related to determining whether Plaintiffs' loan was subject to bankruptcy. *Compare* Mot. at 21-22 *with* Opp. at 13-14. And viewing the facts in the light most favorable to Plaintiffs, the Court cannot find that no reasonable juror could conclude that Defendant's negligence caused Plaintiff to suffer damages such as emotional distress. Determining whether any damages suffered by Plaintiff were "self-inflicted," as Defendant asserts, Mot. at 23, is a job for the fact finder at trial.

That said, the Court has substantial questions as to whether Defendant owed Plaintiffs a duty of care as a matter of law. In denying Defendant's motion to dismiss Plaintiffs' negligence

---

[3] The safe harbor provision states that "[a] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale, or that has been corrected and remedied by third parties working on its behalf prior to the recordation of a trustee's deed upon sale." Cal. Civ. Code § 2924.12(c).

4

1 claim, the Court recognized that the California appellate courts have split on the issue of whether
2 "financial institutions . . . owe borrowers a duty of care in connection with making or servicing
3 loans." *MacDonald*, 2015 WL 1886000, at *5 (comparing *Lueras v. BAC Home Loans Servicing*,
4 221 Cal. App. 4th 49 (2013) with *Alvarez*, 228 Cal. App. 4th 941).  The Court held that *Alvarez*
5 was more likely to be adopted by the California Supreme Court, and therefore held that Defendant
6 had a duty to "process [Plaintiffs'] application with ordinary care." *Id.* at *6.  Subsequently, the
7 Ninth Circuit held that, under California law, lenders do not owe borrowers a duty of care to
8 process a borrower's loan modification application within a particular time frame.  *See Anderson*
9 *v. Deutsche Bank Nat. Trust Co. Ams.*, 649 F. App'x 550, 552 (9th Cir.), *cert. denied sub nom.*
10 *Anderson v. Aurora Loan Servs., LLC*, 137 S. Ct. 496 (2016).[4]  The Court has since relied on
11 *Anderson* in dismissing certain negligence claims.  *See Ivey v. JP Morgan Chase Bank, N.A.*, No.
12 16-CV-00610-HSG, 2016 WL 4502587, at *5 (N.D. Cal. Aug. 29, 2016).  Nevertheless, the Court
13 finds that *sua sponte* dismissal of Plaintiffs' negligence claim without notice would be
14 unwarranted here, given that the parties have not had the opportunity to brief whether the analysis
15 set out in *Anderson* controls the facts of this case.[5]  The parties should, however, be prepared to
16 address this issue in their pretrial filings and at the pretrial conference.
17 //
18 //
19 //
20 //
21 //
22 //
23 //

---

[4] As an unpublished Ninth Circuit decision, *Anderson* is not precedent, but may be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

[5] The Court observes that, on the face of the complaint, Plaintiffs' negligence claim appears largely dependent on the theory, rejected in *Anderson*, that Defendant owed them a duty of care to process their loan modification within a particular time frame. *See, e.g.*, Compl. ¶ 36 (alleging that Defendant's negligence caused Plaintiffs to "wait[] [for] a determination on their application to no avail").

5

For the foregoing reasons, the motion for summary judgment is **GRANTED** as to Plaintiff's first cause of action, and **DENIED** as to Plaintiffs' second and third causes of action.[6]

**IT IS SO ORDERED.**

Dated:  3/28/2017

*[signature]*
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[6] In conjunction with its motion for summary judgment, Defendant requested that the Court take judicial notice of thirteen documents, a dozen of which were recorded in the Official Records of the Alameda County Recorder's Office. *See* Dkt. No. 64.  Because the Court does not rely on any of these documents, Defendant's request for judicial notice is **DENIED AS MOOT**.